FILED
2013 MAY 29 PM 3:27
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY____

Marc J. Randazza, CA Bar # 269535
Christopher A. Harvey, CA Bar # 261986
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 fax
ecf@randazza.com

Attorneys for Plaintiff
JASON TUCKER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TUCKER, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> GAIL THACKRAY a/k/a GAIL TUCKER a/k/a GAIL HARRIS, an individual, <br><br> Defendant. | Case No. CV13-03826-SJO (RZx) <br><br> **COMPLAINT** <br><br> 1. BREACH OF CONTRACT <br> 2. TRESPASS TO CHATTELS <br> 3. CONVERSION <br> 4. UNJUST ENRICHMENT <br><br> **JURY TRIAL DEMANDED** |

BY FAX

## COMPLAINT

For his Complaint against Defendant Gail Thackray a/k/a Gail Tucker a/k/a Gail Harris ("Defendant"), Plaintiff Jason Tucker ("Mr. Tucker") complains and alleges as follows:

### I. NATURE OF ACTION

This action arises from Defendant intentionally dispossessing Mr. Tucker's personal property, selling it and unjustly profiting on the sale of his assets without his authorization or consent. Mr. Tucker seeks either the return of his property wrongfully withheld by Defendant or, in the event Defendant has disposed of or sold such property without his authorization or consent, Mr. Tucker seeks money damages for the loss of use and fair market value of such property.

//

//

1

## II. JURISDICTION

1. Federal diversity jurisdiction exists pursuant to 28 U. S. C. § 1332 because Mr. Tucker is a resident of a different state from Defendant and the amount in controversy exceeds $75,000. Mr. Tucker is not seeking any adjudication of a divorce, alimony or child custody decree.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because the Central District of California is where (a) the Defendant resides and (b) a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of the property that is the subject of the action is situated.

## III. PARTIES

3. Mr. Tucker is an individual domiciled in Arizona where he voluntarily moved in June 2011 after becoming legally separated from his then-current wife, Defendant Gail Tucker.

4. Defendant is an individual domiciled in Los Angeles, California.

## IV. ALLEGATIONS COMMON TO ALL COUNTS

5. On August 1, 2004, Mr. Tucker and Defendant were married. On February 19, 2011, they were legally separated. On July 20, 2011, Mr. Tucker and Defendant entered into a valid agreement whereby Defendant promised, among other things, to deliver various personal items and effects to Mr. Tucker in exchange for payment of a full mediation and other obligations.

6. On January 16, 2013, the parties entered into an uncontested final judgment for dissolution of marriage in the Superior Court of California, County of Los Angeles (Central District, Case Number BD538224). This case has been adjudicated to final disposition of the merits in the dissolution proceedings. Child custody issues, distribution of community property and quasi-community property assets and alimony were finally decided. The divorce is final.

7. Prior to and during their marriage, Mr. Tucker acquired a substantial collection of personal assets. Mr. Tucker is a consummate hobbyist dabbling and immersing himself in various interests such as amateur radio, artwork, reading, coinage, sports memorabilia, skiing, music, equestrian sport polo and video gaming. Mr. Tucker's hobbies have resulted in the accumulation of many valuable and irreplaceable items. (Exhibit 1 is a non-exhaustive list of Mr. Tucker's property with the last known address at Defendant's residence). For example, one such item is a

Fender guitar autographed by the musical group Mötley Crüe who personalized it for Mr. Tucker in 1996. Christie's, the largest art auction dealership in the world, appraised it upwards of $5,000.

8. Mr. Tucker also inherited a trove of family heirlooms and collectible items. They include imported china sets passed down by Mr. Tucker's grandmother, a diamond wedding ring that is a family heirloom and an antique set of sterling silver utensils. In many instances, the unique items cannot be simply replaced nor will they make Mr. Tucker whole.

9. Defendant knew the sentimental value Mr. Tucker attached to his personal possessions, as well as their monetary value. After their legal separation, Defendant also knew Mr. Tucker had permanently moved to the State of Arizona. During the course of the divorce proceedings, Defendant made several assurances to Mr. Tucker that she would return and deliver his personal items to him. Defendant never returned any of the items identified in Exhibit 1.

10. On July 20, 2011, the parties submitted a joint stipulation to the Los Angeles County Superior Court in which Defendant agreed to deliver Mr. Tucker's "personal property and other items as agreed between counsel." With that understanding, Mr. Tucker relied in good faith on Defendant's representations that she would make good on her agreement. Mr. Tucker worked hard to find a resolution to their divorce. Mr. Tucker even agreed to pick-up the tab for the mediation costs of both parties.

11. On January 16, 2013, 543 days later, a judgment of dissolution was entered in Los Angeles County Superior Court which terminated the marital status of the parties and set forth a division of assets according to the terms of the uncontested judgment. The judgment awarded and confirmed to Mr. Tucker, as his sole and separate property, the aforementioned personal possessions which were previously identified to Defendant's counsel and agreed to be delivered to Mr. Tucker. The judgment also confirmed Mr. Tucker was entitled to all separate inheritance, gifts or bequests acquired by Mr. Tucker before, during and after the date of separation.

12. In addition, the final dissolution ordered the sale of real property in Sylmar, California, where Mr. Tucker and Defendant lived during their marriage and, upon information and belief, where Defendant still currently resides and where Mr. Tucker's property may be found.

13.     Mr. Tucker is informed and believes that Defendant disposed of some or all of Mr. Tucker's property identified in Exhibit 1 by private sale or garbage disposal without his knowledge or consent, or currently has the property in her possession, custody or control.

14.     Despite several promises from Defendant and her legal counsel that Mr. Tucker's property would be delivered to him, the property has never been delivered.  Through the date of filing of this Complaint, Mr. Tucker has demanded that Defendant honor her obligations under their agreement, but Defendant has either refused or ignored the repeated requests of Mr. Tucker and his counsel.  Mr. Tucker was forced to bring this action to recover his items.

### First Claim for Relief: Breach of Contract

15.     Mr. Tucker repeats and realleges all preceding paragraphs as if fully set forth herein.

16.     On July 20, 2011, Mr. Tucker and Defendant entered into a valid agreement whereby Defendant promised to deliver various personal items and effects to Mr. Tucker in exchange for, among other things, Mr. Tucker making a one-time voluntary payment of the entire cost of a private mediation for both parties.

17.     Per the written agreement, Mr. Tucker performed all conditions, obligations and promises required to Defendant in accordance with the terms of the agreement.

18.     Defendant unjustifiably and without excuse failed to deliver the property identified in Exhibit 1 to Mr. Tucker, even after the court judgment dated January 16, 2013, ordered that she turn over such property to Mr. Tucker.

19.     As a result of Defendant's material breach of contract, Mr. Tucker has been damaged.  But due to the personal nature of the items, there is no adequate remedy at law.  Mr. Tucker can only be made whole if Defendant is required to specifically perform the terms of the agreement and turn over the personal property to Mr. Tucker immediately.

20.     In the alternative, Mr. Tucker has been damaged in a sum not yet ascertained, but through the date of this Complaint, believed to be in excess of $200,000 together with prejudgment and post-judgment interest.  When such damages are ascertained, Mr. Tucker will seek leave of court to amend this Complaint to set forth the same.

**Second Claim for Relief: Trespass to Chattels**

21. Mr. Tucker repeats and realleges all preceding paragraphs as if fully set forth herein.

22. Mr. Tucker is the owner of all rights, title and interest in the property identified in Exhibit 1, including family heirlooms, a library of books, artwork, musical instruments, computer equipment, amateur radio equipment, photographs, autographs, clothes, suits, luggage, baseball cards, video games, video consoles and other such property.

23. Defendant intentionally, knowingly or recklessly interfered with Mr. Tucker's right of possession in the personal property identified in Exhibit 1.

24. Defendant interfered with Mr. Tucker's possessory interest in his property identified in Exhibit 1 by damaging or destroying such property.

25. As a result of Defendant damaging or destroying such property, Mr. Tucker is entitled to damages in a sum not yet ascertained, but through May 23, 2013, believed to be in excess of $200,000 together with prejudgment and post-judgment interest.  When such damages are ascertained, Mr. Tucker may seek leave of court to amend this Complaint to set forth the same.

**Third Claim for Relief: Conversion**

26. Mr. Tucker repeats and realleges all preceding paragraphs as if fully set forth herein.

27. Defendant has intentionally interfered with or exercised dominion of Mr. Tucker's personal property described in Exhibit 1 to which he is entitled to immediate possession.

28. Mr. Tucker has the exclusive right to possession and use of the property identified in Exhibit 1, which is valuable, and in many instances, irreplaceable.

29. At no time has Mr. Tucker consented, either expressly or impliedly, to Defendant's sale, transfer, retention or use of his personal property.

30. Defendant has been in knowing and unauthorized possession and control of such property since at least July 20, 2011.  Furthermore, Defendant has been obtaining an unjust and substantial benefit from the use of Mr. Tucker's personal property or sale of such property to third parties without his consent and without paying him for the value of such property.

31. Defendant's improper assumption and exercise of dominion and control over Mr. Tucker's property and the sale, transfer or distribution of the same has and will continue to interfere with and diminish his rights in that property.

32. As a direct and proximate result of Defendant's actions, Mr. Tucker has lost, and will continue to lose, the benefit from the use and possession of his personal property, in an amount to be determined at trial. Defendant's wrongful conduct was a substantial factor in causing this harm.

33. Mr. Tucker is entitled to an award of the value of the property taken, with interest, and other damages in an amount to be proven at trial. In addition, or in the alternative, Mr. Tucker is entitled to damages and repossession of the converted property. In addition, or in the alternative, Mr. Tucker is entitled to restitution of the Defendant's ill-gotten gains. Mr. Tucker will seek his election of remedies at trial.

### Fourth Claim for Relief: Unjust Enrichment

34. Mr. Tucker repeats and realleges all preceding paragraphs as if fully set forth herein

35. Defendant's repeated promises to return Mr. Tucker's personal items was the carrot that she used to induce Mr. Tucker to agree on a final resolution of their issues and enter an uncontested judgment for final adjudication of dissolution. Without Defendant's assurances that his personal property would be returned, Mr. Tucker would not have agreed to final resolution nor voluntarily paid for such obligations that he was not necessarily required to make.

36. Defendant unjustly received benefits through the sale, transfer or distribution of his personal property, or unjustly retained the use of such property at the expense of Mr. Tucker.

37. Allowing Defendant to retain the benefits received as a result of her wrongful acts would unjustly benefit Defendant at Mr. Tucker's expense.

38. Mr. Tucker is accordingly entitled to full restitution of all amounts in which Defendant has been unjustly enriched at his expense.

## VI. REQUEST FOR RELIEF

Mr. Tucker respectfully requests relief as follows:

1. For preliminary and permanent injunctions restraining Defendant from selling, distributing, or using any of Mr. Tucker's property in Defendant's possession, custody or control;

2. For an Order directing Defendant to turn over Mr. Tucker's property, including the property identified in Exhibit 1;

3. For actual and compensatory damages in an amount according to proof, in excess of $200,000;

4. For an Order that specifically enforces the terms of the agreement between Mr. Tucker and Defendant whereby Defendant delivers Mr. Tucker's property in Defendant's possession, custody or control to Mr. Tucker;

5. For an Order finding that Defendant Gail Tucker a/k/a Gail Harris a/k/a Gail Thackray unjustly profited from the benefits Mr. Tucker conferred upon her;

6. The Court grant Mr. Tucker whatever further relief it deems necessary and appropriate.

Dated: May 28, 2013

Respectfully submitted,

Marc J. Randazza, CA Bar # 269535
Christopher A. Harvey, CA Bar # 261986
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
ecf@randazza.com

# DEMAND FOR JURY TRIAL

Plaintiff Jason Tucker demands a trial by jury on all claims.

Dated: May 28, 2013

Respectfully submitted,

Marc J. Randazza, CA Bar # 269535
Christopher A. Harvey, CA Bar # 261986
Randazza Legal Group
6525 W. Warm Springs Road, Suite 100
Las Vegas, NV 89118
ecf@randazza.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

**CV13- 3826 SJO (RZx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY